Mohamad ARIF RASHID, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70926.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri Leon–Benner, U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Mohamad Arif Rashid, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003), and deny the petition for review.

Rashid contends that he suffered past persecution when he was beaten each time after leaving the employment of a political party. Substantial evidence supports the IJ's finding because the two incidents were not motivated by political beliefs, and were isolated events. *See id.; Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (single incident of detention and beating did not compel finding of past persecution).

Also, substantial evidence supports the IJ's determination that Rashid did not have a well-founded fear of persecution on account of his political opinion. The record fails to show Rashid had a political motive or that the political parties' had any political motive. *See Elias–Zacarias*, 502 U.S. at 481–82, 112 S.Ct. 812.

By failing to qualify for asylum, Rashid necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.